IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| STEPHEN MICHAEL MATICHAK and MARY FRANCIS MATICHAK, <br><br> Plaintiff, <br> v. <br><br> PARKER-HANNIFIN CORPORATION, <br><br> Defendant. | FILE NO: _____ <br><br> NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a) <br><br> (DIVERSITY JURISDICTION) <br><br> (Removed from the State Court of the State of Georgia, Clarke County, ST21CV0887) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Parker-Hannifin Corporation ("Parker") hereby removes the above-captioned action to this Court from the State Court of Clarke County (Case No. ST21CV0887) (the "State Action"). As set forth herein, Parker has complied with the statutory requirements for removal under 28 U.S.C. §§ 1441 and 1446, and this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

### I.   PROCEDURAL REQUIREMENTS

1. The State Action was commenced by filing in Georgia State Court, Clarke County, on December 16, 2021. A copy of Plaintiffs' Complaint is attached at <u>Exhibit A</u>, and copies of all other process, pleadings, and orders from the State Action are attached at <u>Exhibit B</u>, as required by 28 U.S.C. § 1446(a).

2. This Notice is timely, as it is filed within one year of the State Action's commencement on December 16, 2021, and within 30 days of personal service of Plaintiffs' Complaint on Parker on December 27, 2021. *See* 28 U.S.C. § 1446(b)(1).

3. The State Action is properly removed to the United States District Court for the Middle District of Georgia, Athens Division, as that is the "district and division embracing the place where [the State Action] is pending." *See* 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 90(b)(6) (listing Clarke County as within the Athens Division of the Middle District of Georgia).

4. Parker will promptly file a copy of this Notice of Removal with the Clerk of the State Court of Clarke County and will serve a copy on the other parties to the State Action, as required by 28 U.S.C. § 1446(d).

## II.   BACKGROUND

5. This lawsuit is a civil action arising out of injuries allegedly sustained by Plaintiff Stephen Michael Matichak on or about June 16, 2021 in connection with a Squibb Taylor Quick Jaw Valve that was being used to connect a supply hose designed and manufactured by Parker-Hannifin Corporation from a propane tanker truck. (Ex. A, ¶ 4).

6. Plaintiffs have brought claims against Parker-Hannifin for strict products liability. (Id., ¶¶ 17-32).

7. Plaintiffs seek damages for permanent injury and disability, pain and suffering, past and future medical expenses, past and future lost wages, and loss of consortium. (Id., ¶ 35).

## III.   GROUNDS FOR REMOVAL

**A. Diversity Jurisdiction**

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the properly joined parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

9. Plaintiffs are now, and were at the commencement of this action, citizens of the State of Georgia.

10. Parker is now, and was when the State Action was filed, a corporation organized under the laws of the State of Ohio with its principal place of business in the State of Ohio. (Ex. A, ¶ 1; Parker's 2021 Annual Registration with Georgia Secretary of State, attached as Exhibit C). Parker is therefore a citizen of the State of Ohio for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c)(1).

**B.  The Amount in Controversy Exceeds $75,000.**

11. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied.  As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Moreover, a district court may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the complaint to determine if it is facially apparent that a case is removable.  Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint … establishes the jurisdictional amount.'" *See Roe v. Michelin N. America, Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (citation omitted). While Parker denies that Plaintiffs are entitled to any monetary or other relief from Parker, the amount in controversy here is in excess of the jurisdictional minimum.

12. Specifically, Plaintiffs have brought claims for personal injuries stemming from an incident wherein Plaintiff Stephen Michael Matichak "was sprayed with liquid propane that was -44º F and was seriously injured." (Ex. A, ¶ 14).  As a result, Plaintiff Stephen Michael Matichak "suffered severe and permanent bodily injuries". (Id., ¶ 35).  Plaintiffs seek several categories of damages, including:

- "substantial and continuing pain, suffering, and discomfort";

3

- "medical expenses …, both past and future";
- "wage losses, both past and future"; and
- loss of consortium. (<u>Id.</u>).

13. It is facially apparent from Plaintiffs' Complaint that the amount in controversy is greater than $75,000, exclusive of interests and costs.

## IV.   RESERVATION OF RIGHTS

12. Parker denies the allegations contained in Plaintiffs' Complaint and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor.

This 21st day of January, 2022.

        WATSON SPENCE LLP

        */s/ Michael R. Boorman*
        Michael R. Boorman
        Georgia Bar No. 067798
        Philip A. Henderson
        Georgia Bar No. 604769
        999 Peachtree Street, NE
        Suite 1130
        Atlanta, Georgia 30309
        (229) 436-1545
        mboorman@watsonspence.com
        phenderson@watsonspence.com

        William McCandless
        *Pro Hac Vice Forthcoming*
        WILLIAM MCCANDLESS, P.A.
        1265 S. Bates
        Birmingham, MI 48009-1986
        wmccandless@me.com
        (239) 398.5320

        *Counsel for Defendant*
        *Parker-Hannifin Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that a copy is being served upon the following via US Mail:

Michael J. Warshauer
WARSHAUER LAW GROUP, P.C.
2740 Bert Adams Road
Atlanta, Georgia 30339
mjw@warlawgroup.com

This 21st day of January, 2022.

*Michael R. Boorman*
Michael R. Boorman
Georgia Bar No. 067798