## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

STEPHEN MICHAEL MATICHAK and
MARY FRANCIS MATICHAK,

     Plaintiff,

v.

PARKER-HANNIFIN CORPORATION,

    Defendant.

FILE NO:  3:22-cv-10 (CDL)

## STIPULATED PROTECTIVE ORDER

The parties having stipulated to the relief herein granted and the Court being fully advised in the premises:

**IT IS HEREBY DETERMINED AND ORDERED:**

1.     Non-party Caterpillar Inc. ("Caterpillar") has requested a Protective Order covering all confidential information pertaining to documents produced by Caterpillar in this case.

2.     For purposes of this Order, "Confidential documents" and "Confidential information" is intended to refer to certain information or documents produced by Caterpillar containing confidential information, proprietary information, trade secrets or commercially sensitive financial information, as well as documents or materials referring to Caterpillar's business practices and policies. In particular, "Confidential documents" and "Confidential information" is defined to include trade secrets or other confidential research, development, or commercial information including invoices, pricing information and other financial information that might be included in blueprints,

manuals, test reports, test standards, drawings, correspondence, studies, marketing information, specifications, graphs, charts, pricing data, financial data, invoices or any other "Confidential" documents (and any deposition or other transcripts or discovery that include or reflect that information), that are produced by Caterpillar and are of the kind of document that Caterpillar takes steps to keep confidential as a regular business practice. Publicly available information is excluded from the scope of this Protective Order.

3.    Caterpillar shall mark any document it intends to be covered by this Order as confidential if it determines, in good faith, that such designation is necessary to protect the confidential nature of the document. Information and documents designated as confidential will be stamped "CONFIDENTIAL." The "Confidential" stamp will not obliterate any information on the document.

4.    If any party claims that the "Confidential Information" or "Confidential documents" is not "Confidential" or otherwise entitled to protection under this Order, that party shall give notice of that claim to the party or non-party claiming such "Confidentiality" providing, in writing, the reasons for the challenge to the confidentiality designation within thirty (30) business days. Once informed in writing of the specific reasons that another party does not agree that the designated information is covered by this Order, the party raising the objection shall arrange for a conference relating to the issue within ten (10) days, and if the parties cannot agree to a resolution in that conference, the producing party or non-party shall have twenty (20) days within which to file a motion with the Court to establish that the information is confidential. If it fails to do so, the information will not be considered covered by this Order unless and

until the parties agree otherwise or the Court orders otherwise. During the pendency of any such motion, the information will be treated as if it is covered by this Order.

5.      Except as provided for in paragraph 4 above, all documents designated by Caterpillar as confidential shall retain that designation and shall remain subject to this Order until such time, if ever, as the Court renders a decision that any challenged documents shall not be covered by the terms of the Order.

6.      All information, in whatever form, discovered from examination of any document subject to this Order shall be used only in connection with the above captioned matter and shall not be used in connection with any other purpose whatsoever.

7.      The attorneys of record may disclose confidential documents and information to their clients and their staff, experts, and witnesses in connection with this litigation, whom shall be bound by the terms of this Order.

8.      No person shall be allowed to disclose by any means whatsoever, any portion of any confidential document or any notes arising there from until the person to whom disclosure is to be made has read this Order in its entirety.

9.      Documents produced by Caterpillar pursuant to this Order may be disseminated to the Court and its staff in connection with any motions and other submissions to the Court. However, neither the stipulations of the parties, the production of any documents by Caterpillar for inspection and note-taking, nor anything in this Order shall be deemed to constitute a waiver of Caterpillar's right to claim in this lawsuit or hereafter that any documents or any information included therein are irrelevant or inadmissible. However, nothing herein shall govern the use of Confidential Information

at any trial of this action. The parties will meet and confer to determine appropriate procedures in advance of trial and present any issues to the Court, as appropriate

10.     Upon request of Caterpillar, all confidential documents and any copies thereof shall be returned to Caterpillar at the conclusion of the litigation or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

11.     This Order and the provisions herein are without prejudice to reconsideration by the Court, on its own motion or by request of any party as to either the terms of this Order or its applicability to any document or information covered by this Order.

S/Clay D. Land                    3/29/2022
HON. CLAY D. LAND
DISTRICT COURT JUDGE

Stipulated to by:

*/s/ Michael J. Warshauer*
Michael J. Warshauer
Georgia Bar No. 018720
WARSHAUER LAW GROUP, P.C.
2740 Bert Adams Rd.
Atlanta, Georgia 30339
Phone: 404-892-4900
Facsimile: 404-892-1020
mjw@warlawgroup.com
*Counsel for Plaintiffs*

*/s/ Philip A Henderson*
Michael R. Boorman
Georgia Bar No. 067798
Philip A. Henderson
Georgia Bar No. 604769
WATSON SPENCE LLP
999 Peachtree Street, NE
Suite 1130

Atlanta, Georgia 30309
(229) 436-1545
mboorman@watsonspence.com
phenderson@watsonspence.com
*Counsel for Defendant*
*Parker-Hannifin Corporation*


*/s/ William McCandless*
William McCandless
*Admitted Pro Hac Vice*
WILLIAM MCCANDLESS, P.A.
1265 S. Bates
Birmingham, MI 48009-1986
wmccandless@me.com
239.398.5320
*Counsel for Defendant*
*Parker-Hannifin Corporation*